

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

FILED

JUL 27 2015

CLERK, U.S. DISTRICT COURT
By _____
           Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MARCUS CHOICE WILLIAMS, 43636-279,       §
    Petitioner,       §
           §
           §    3:14-CV-2091-N
v.       §    3:09-CR-0145-N
           §
UNITED STATES OF AMERICA,       §
    Respondent.       §

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

### I.  Procedural Background

Before the Court is Petitioner's motion to vacate, set-aside, or correct sentence pursuant to 28 U.S.C. § 2255.

On June 2, 2009, Petitioner was indicted for one count of sex trafficking by force, two counts of attempted sex trafficking by force, one count of conspiracy to transport for prostitution, six counts of transportation for prostitution, and money laundering. He was scheduled for trial on February 1, 2010, but he absconded. On October 10, 2010, Petitioner was re-arrested. On March 19, 2011, he pled guilty pursuant to a plea agreement. Petitioner subsequently filed a motion to withdraw his guilty plea. On December 1, 2011, the district court denied the motion. On March 19, 2012, the Court sentenced Petitioner to 360 months in prison. On July 12, 2013, the Fifth Circuit Court of Appeals dismissed his appeal as frivolous.

Page 1

On June 9, 2014, Petitioner filed the instant § 2255 petition. He argues:

1.    He received ineffective assistance of counsel when:

      A.    Trial counsel failed to investigate his mental and medical history, coerced him into accepting a plea agreement, and failed to interview witnesses;

      B.    Appellate counsel filed an *Anders* brief, failed to argue certain claims and withheld his client file;

2.    The district court erred when it denied his motion to withdraw his guilty plea, improperly applied sentence enhancements and adopted the PSR, and failed to consider the magnitude of his mental issues; and

3.    His guilty plea was involuntary.

## II. Factual Background

The following factual background is taken from Petitioner's factual resume and the PSR.

Petitioner operated an interstate escort service in Texas, Washington, D.C., Boston and other areas. He recruited and coerced several women to work as prostitutes for him, and he controlled them using physical and mental violence. He primarily targeted single mothers and often held their children hostage to ensure they continued to work for him as prostitutes. For those who tried to leave, he would physically torture them, sexually assault them, and threaten to kill their families if they contacted the police.

On June 2, 2009, Petitioner was indicted. He retained attorney Scott Palmer to represent him, and on July 7, 2009, was released on bond. When Petitioner could no longer pay attorney Palmer, the Court appointed Palmer to represent him. Petitioner was set for trial on February 1, 2010, but he absconded from pretrial supervision.

On August 21, 2010, Petitioner was arrested for passing counterfeit $100 bills in Louisiana. On September 7, 2010, Petitioner was returned to Dallas and his pretrial release was revoked. On March 17, 2011, Petitioner pled guilty pursuant to an 11(c)(1)(C) agreement which limited his sentence to 30 years.

While awaiting sentencing, Petitioner filed a motion to substitute counsel. The district court granted the motion and appointed attorney Brady Wyatt. Wyatt filed a motion to withdraw Petitioner's guilty plea, arguing in part that attorney Palmer was unprepared for trial and that Petitioner was not guilty "by reason of insanity via prescription drug induced psychosis."

The district court denied Petitioner's motion to withdraw his guilty plea, and on March 19, 2012, sentenced him to 360 months in prison.

### III. Discussion

### 1.    Ineffective Assistance of Counsel

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309,

312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id.* "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

When a petitioner argues his guilty plea was not voluntary due to the ineffective assistance of counsel, he must show that his counsel's advice to plead guilty fell below the range of competence demanded of an attorney in a criminal case. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985); *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994). Further, he must show prejudice by establishing "but for his counsel's alleged erroneous advice, he would not have pleaded guilty but would have insisted upon going to trial." *Armstead*, 37 F.3d at 206.

### A.     Trial Counsel

Petitioner claims his trial counsel was ineffective when he failed to "investigate Movant's past Mental history, comprehensive current Mental/Emotional Physical Medical condition . . . ." (Pet. Mem. at 3.) Petitioner states he has bipolar and gender identity disorders. (Pet. at 9.)

The record shows Petitioner's defense attorney retained an expert to examine Petitioner for any mental defect or medication-induced psychosis that would support an insanity defense. The expert, Dr. Lisa Clayton, determined that Petitioner was not suffering from any mental defect or psychosis that would support such a defense. (*See* 3:09-CR-145-N, Dkt. No. 212 at 3-4, and Dkt No. 258 at 5.) Petitioner has failed to show his counsel failed to investigate his mental condition.

Petitioner also claims his counsel failed to interview witnesses who would be helpful to the defense. Petitioner, however, has failed to submit any evidence that any witness was

available to testify at trial and would have testified favorably to the defense. *See Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985) ("[F]or the appellant to demonstrate the requisite *Strickland* prejudice, the appellant must show not only that this testimony would have been favorable, but also that the witness would have testified at trial."); *Martin v. McCotter*, 796 F.2d 813, 819 (5th Cir. 1986) ("hypothetical or theoretical testimony will not justify the issuance of a writ . . . ."). This claim should be denied.

Petitioner claims his counsel coerced him into pleading guilty by telling him he was facing three life sentences. The record shows that Petitioner's sentence exposure was three life sentences plus eighty-five years. (PSR ¶ 206.) A defense attorney, "should make informed predictions about the consequences of either pleading guilty or going to trial." *United States v. Cothran*, 302 F.3d 279, 284 (5th Cir. 2002). Petitioner has failed to show his counsel was ineffective for correctly informing him of his potential sentencing range.

### B.    Appellate Counsel

Petitioner claims he received ineffective assistance of appellate counsel when counsel filed an *Anders* brief instead of raising his requested claims, and when counsel failed to send him his client file.

Petitioner's plea agreement contained an appellate waiver which limited his right to appeal to: (1) a sentence exceeding the statutory maximum sentence; (2) an arithmetic error at sentencing; (3) the voluntariness of his plea or waiver; and (4) claims of ineffective assistance of counsel. It is well settled that an informed and voluntary waiver of post-conviction relief under § 2255 "is effective to bar such relief." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).

Appellate counsel reviewed Petitioner's claim that his guilty plea and appeal waiver were

involuntary.  Counsel determined that Petitioner's "responses to the Magistrate's questions strongly undermines a claim, based on the record, that Appellant had been coerced by counsel into entering a guilty plea, or that he did not understand the proceedings."  (Appellant Brief at 10-11.)  Counsel determined that the face of the record did not support a challenge to the guilty plea on direct appeal, but that it could be raised on collateral review upon "further development of evidence."  (*Id.* at 11.)  Further, Petitioner has failed to show his sentence exceeded the statutory maximum, or that the Court committed any arithmetic error at sentencing. Additionally, the Fifth Circuit determined that the appellate record "presents no nonfrivolous issues for appellate review."  *United States v. Williams*, 523 Fed. Appx. 294, 294 (5th Cir. 2013).

Finally, although Petitioner states his counsel failed to send him his client file, he has failed to show how this prevented him from filing a *pro se* appellate brief.  Petitioner has not identified any part of his file that he lacked, and that was required to file his brief.  Petitioner's conclusory claim should be denied.

## 2.      Trial Error

Petitioner claims the trial court erred when it imposed the sentence enhancements and adopted the PSR, and when it failed to consider the magnitude of his psychological issues.

Petitioner claims the sentencing enhancements and PSR were unlawful under the Supreme Court's decision in *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151 (2013) (holding that, unless waived, any fact that increases a defendant's mandatory minimum sentence must be submitted to a jury or proved beyond a reasonable doubt).  *Alleyne*, however, is not retroactively applicable on collateral review.  *See United States v. Olvera*, 775 F.3d 726, 730 (5th Cir. 2015).  Further, no judicially-determined facts changed Petitioner's statutory range of

punishment. Petitioner's claim is therefore without merit.

Petitioner claims the court failed to consider the magnitude of his psychological issues when it determined his sentence. Petitioner's claim is conclusory and should be denied. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings).

**3.      Guilty Plea**

Plaintiff claims his guilty plea was involuntary because: (1) he was misinformed about the essential elements and the penalties for his crimes; (2) his attorney coerced him into pleading guilty; and (3) his mental infirmities prevented him from knowingly entering his guilty plea.

A defendant's guilty plea must be made voluntarily, and the defendant must "make related waivers knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Ruiz*, 536 U.S. 622, 628 (2002) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). A determination of whether a defendant understands the consequences of his guilty plea does not require a trial court to determine that the defendant has a perfect understanding of the consequences, however. The court must only ascertain whether the defendant has a realistic or reasonable understanding of his plea. *See United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993).

Courts considering challenges to guilty plea proceedings "have focused on three core concerns: absence of coercion, the defendant's understanding of the charges, and a realistic understanding of the consequences of the guilty plea." *Gracia*, 983 F.2d at 627-28. A realistic understanding of the consequences of a guilty plea means that the defendant knows the "immediate and automatic consequences of that plea such as the maximum sentence length or

fine." *Duke v. Cockrell*, 292 F.3d 414, 416 (5th Cir. 2002).  Further, "[w]hen the record of the Rule 11 hearing clearly indicates that a defendant has read and understands his plea agreement, and that he has raised no question regarding a waiver-of-appeal provision, the defendant will be held to the bargain to which he agreed." *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005) (*quoting United States v. Portillo*, 18 F.3d 290, 293 (5th Cir. 1994)).

In this case, the record shows Petitioner knowingly and voluntarily entered his guilty plea. During the plea hearing, the court informed Petitioner of his trial rights, and he stated he understood these rights.  (Plea Tr. at 7.)  He stated he understood the charges in the indictment and that he had reviewed the indictment with his attorney.  (*Id.* at 9.)  The prosecutor read aloud the essential elements of each count, and Petitioner stated he understood the essential elements and he committed each essential element.  (*Id.* at 13.)  He also stated he was pleading guilty voluntarily and that no one had forced or coerced him into pleading guilty.  (*Id.*)  Petitioner said he read and understood the plea agreement, that he reviewed the plea agreement with his attorney and signed the agreement.  (*Id.* at 14.)  He stated he read and understood the appeal waiver.  (*Id.* at 15-16.)  The prosecutor read aloud the penalties for each count, and Petitioner stated he understood the penalties.  (*Id.* at 17-18.)  Petitioner also stated he read and understood the factual resume, that he reviewed the factual resume with his attorney and signed the factual resume.  (*Id.* at 19.)  Petitioner stated he was satisfied with his attorney and he had no questions for the court. (*Id.* at 9, 21.)  Petitioner's claim that his guilty plea was involuntary because he was misinformed about the essential elements of the offenses and the penalties for the offenses is clearly rebutted by the record.

Petitioner also alleges his counsel coerced him into pleading guilty because counsel told him he could be sentenced to three life terms. A defense attorney's warnings about the potential for a lengthy prison sentence, however, does not compromise the voluntariness of a guilty plea. *Urseti v. Lynaugh*, 821 F.2d 1099, 1102 (5th Cir. 1987) (finding plea voluntary where attorney warned client he would be lucky to get 99 years if he went to trial). Petitioner has failed to show that his counsel's statements coerced his guilty plea.

Finally, Petitioner argues his mental infirmities rendered his guilty plea involuntary. As discussed above, the plea proceedings show that Petitioner was not suffering from any mental disease or defect at the time of his plea. Further, Petitioner's own expert determined he had no basis to assert a defense based on a mental disease or defect. (*United States v. Williams*, No. 3:09-CR-145-N, Dkt. No. 258 at 2.) Also, in denying Petitioner's motion to withdraw his guilty plea, the district court determined that any claim for an insanity defense was meritless. (*Id.* at 6.) Petitioner has failed to show his guilty was not knowingly and voluntarily entered.

## RECOMMENDATION

For the foregoing reasons, the Court recommends that Petitioner's motion to correct, vacate or set-aside sentence pursuant to 28 U.S.C. § 2255 be denied.

Signed this 27th day of July, 2015.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

Page 9

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).